Shearer, J.
The solution of the question presented by the record requires the determination of the character of the final action of the Superior Court in the partition case.
It is true that that court rendered no judgment in person-am against Michael Schiml. It did, however, order the premises sold “subject to the dower estate of $81.00 per year of Theresa Wenz.” They were so sold, and the sale confirmed to said Michael Schiml. This action constituted a judgment, because it was a “ final determination of the rights of the parties.” Rev. Stats, sec. 5310. Nothing further remained to be done except the enforcement of such rights.
If the case of Yearly v. Long, 40 Ohio St. 27, were applicable, we should be constrained to hold that, as soon as Michael purchased the property, an implied obligation arose upon his part to pay the dower charge. But that case is to be distinguished from this in that there the obligation arose from a mere legal implication ; while here the lien sought to be enforced was created by judgment.
Miller v. Peters, 25 Ohio St. 270, decides that in an action for partition no execution can issue against the parties to such action for the collection of a dower charge, but that the proper remedy of the doweress is by action to enforce the lien upon the real estate charged.. Just such relief is sought by the defendant in error — the enforcement of her lien by action.
This being so, what provision of the statute of limitations, if any, is applicable ?
Civil actions can only be brought within the period prescribed “ after the cause of action accrues.” In other words, the cause of action must “ accrue ” before the statute of limitations will begin to run.
In Tyler’s Ex. v. Winslow, 15 Ohio St. 364, it was held that although a judgment of a court of this state is a good ground *41 of action, its rendition is not the “ accruing ” of a cause of action within the meaning of the statute of limitations.
It seems, therefore, that the right of the defendant in error to enforce her lien is not afiected by the statute of limitations.
The contention that the purchaser at partition sale is a trustee, to the extent of the widow’s claim for dower, for the payment of the charge in that behalf upon the lands, and that such trust is within section 4974 Rev. Stats., is not Taw in Ohio.
The decree in the court below is not, as we construe it, a judgment in personam; but as some doubt in this regard has been expressed, an order will be made modifying said decree so as to require the sale of said premises within a day to be named unless the plaintiff in error, before that time, shall pay the amount found to be due ; and the judgment so modified will be affirmed, with costs, but without penalty.